\*\*E-Filed 10/9/2009\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHONG'S PRODUCE, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NADDIR MESHAAL dba FARM FRESH PRODUCE and FARM FRESH,<br><br>　　　　　Defendant. | Case Number C 09-4787 JF (RS)<br><br>ORDER[1] GRANTING *EX PARTE* APPLICATION FOR TRO AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION<br><br>[re: doc. no. 2] |

　　　　On October 7, 2009, Plaintiff Chong's Produce, Inc. ("Plaintiff") filed the complaint in this action, alleging that Defendant Naddir Meshaal ("Defendant") purchased fruits and vegetables from Plaintiff for a total amount exceeding $112,000; Plaintiff delivered the produce to Defendant; Defendant accepted the produce; and Defendant has failed to pay invoices in an amount exceeding $10,000. The complaint alleges several claims under the Perishable Agricultural Commodities Act ("PACA"), a claim for declaratory relief, and a claim for breach of contract. Plaintiff seeks a temporary restraining order ("TRO") and a preliminary injunction

---

[1] This disposition is not designated for publication in the official reports.

enjoining Defendant from dissipating the assets of a PACA statutory trust.

PACA imposes a statutory trust on all produce-related assets held by agricultural merchants, dealers, and brokers. 7 U.S.C. § 499e(c). Plaintiff alleges that Defendant is a dealer under PACA. Complt. ¶ 3. A district court may issue an order for injunctive relief to preserve the assets of the statutory trust. *See Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 158-59 (11th Cir. 1990).

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

A TRO may be issued without notice to the adverse party *only if* "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Moreover, in this district an applicant for a TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order." Civ. L.R. 65-1(b).

Plaintiff submits the declaration of its president, Andy Chong, who states that Defendant initially paid Defendant's bills but stopped doing so in August 2009; one check tendered by Defendant in the amount of $3,171.50 was returned for insufficient funds; Defendant perpetually is "unavailable" each time Chong calls to discuss the outstanding invoices; and Defendant

continues to do business and to receive produce from other vendors.  Plaintiff's counsel submits a certification stating that because Defendant appears to be avoiding Plaintiff and to be experiencing financial problems, Plaintiff fears that the trust assets will be dissipated if Defendant is given notice of the motion.

Plaintiff requests that the Court enjoining and restraining Defendant Meshaal, his agents, officers, subsidiaries, banking and financial institutions, and all persons in active concert or participation with said Defendant from the following conduct:  dissipating, paying, transferring, assigning or selling any and all assets covering by or subject to the trust provisions of PACA without agreement of Plaintiff, or until further order of this Court.

For good cause shown, the Court will issue the requested TRO restraining Defendant from the above conduct pending disposition of Plaintiff's motion for preliminary injunction, and will set a hearing date on such motion.  The assets subject to this order include all of Defendant's assets unless he can prove to the Court that a particular asset is not derived from perishable agricultural commodities, other products derived from perishable agricultural commodities, or receivables or proceeds from the sale of such commodities or products.  However, Defendant may sell perishable commodities for fair compensation on the condition that Defendant maintains the proceeds of such sales subject to this Order.

**ORDER**

(1)  Plaintiff's *ex parte* application for TRO is GRANTED.  Defendant is HEREBY RESTRAINED from the conduct described above; and

(2)  Plaintiff's motion for preliminary injunction is set for hearing on November 13, 2009.  Plaintiff may file a brief in support of such motion on or before October 16, 2009.  Any opposition shall be filed on or before October 30, 2009.  Any reply shall be filed on or before November 6, 2009.

DATED:  10/9/2009

_____
JEREMY FOGEL
United States District Judge

1  This Order was served on the following persons:

2

3  Sharon Glenn Pratt spratt@prattattorneys.com, ekhasin@prattattorneys.com,
   rtrazo@prattattorneys.com
4

5  Susan E. Bishop sbishop@prattattorneys.com, ekhasin@prattattorneys.com,
   rtrazo@prattattorneys.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 09-4787 JF (RS)
ORDER GRANTING *EX PARTE* APPLICATION FOR TRO
(JFLC2)